375 Ark. 479

**STATE of Arkansas, Appellant,**

v.

**John BROWN, Appellee.**

**No. CR 08–826.**

Supreme Court of Arkansas.

Jan. 30, 2009.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellant.

Law Offices of John Wesley Hall, by: Patrick Benca, Little Rock, for appellee.

PER CURIAM.

The State of Arkansas appeals from the circuit court's grant of Appellee John Brown's Rule 37 petition. Because the State submitted a brief without a proper addendum in violation of Arkansas Supreme Court Rule 4–2(a)(8) (2008), we order rebriefing.

Rule 4–2(a)(8) provides, in pertinent part:

Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.

Ark. Sup.Ct. R. 4–2(a)(8). The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Arkansas Supreme Court Rule 4–2(b)(3):

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup.Ct. R. 4–2(b)(3).

Here, the State's brief is deficient due to the fact that its addendum lacks relevant pleadings essential to an understanding of the case. The record reveals that at the conclusion of the hearing on Brown's Rule 37 petition, the circuit court requested that the parties submit posthearing briefs in lieu of oral arguments. The posthearing briefs appear in the record but do not appear in the State's addendum.

Because the State has failed to comply with our rules, we order it to file a substituted abstract, addendum, and brief within fifteen days from the date of entry of this order. If the State fails to do so within

the prescribed time, the order appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted abstract, addendum, and brief, Brown shall have an opportunity to revise or supplement his brief in the time prescribed by the clerk.

Rebriefing ordered.